CROWELL LAW
Carl D. Crowell, OSB No. 982049
email:  carl@crowell-law.com
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CRIMINAL PRODUCTIONS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **RALPH GHASSAN BEKAHI,** <br><br> Defendant, | Case No.: 3:17-cv-00157-AC <br><br> PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; DECLARATION OF COUNSEL; EXHIBITS 1 - 9 |

## Introduction

Plaintiff Criminal Productions, Inc., ("CPI"), brings this lawsuit pursuant to the Copyright Act, 17U.S.C. §§ 101-1332, against Ralph Ghassan Bekahi ("Bekahi" / defendant) alleging unlawful downloading and distribution of CPI's motion picture, *Criminal* (the "Movie"), using peer-to-peer file-sharing software commonly known as BitTorrent.  CPI asserts a single claim for direct copyright infringement.

Before an answer or any FRCP 26 discovery, defendant Bekahi has moved for summary judgment pursuant to FRCP 12(b)(6) and FRCP 56.  Plaintiff opposes.

RESPONSE – MSJ                                                                                              Page 1 of 11

**Disputed Facts & Conferral**

Defendant submits five facts as "undisputed." The submission of such facts as "undisputed" is unilateral as four are disputed. The parties have conferred on the disputed facts and defendant maintains the facts as asserted in their motion.

Disputed facts include:

**Disputed Fact No. 2:** CPI's deposition Exhibit No. 7, ("Exhibit 7" herein) now deemed admissible by stipulation and submission by defendant, does not affirm the copying was done by software called uTorrent, only that the peer ID prefix, "2055543334" was consistently observed distributing content from the same Internet protocol address ("IPA"). The term uTorrent does not appear on the document. Defendant's own declarant simply states the Peer ID prefix matches the Peer ID prefix "-UT34." The document accurately speaks for itself.

**Disputed Fact No. 3:** Contrary to the allegations of the defendant, uTorrent is available for Apple brand products and the iPhone and iPad. While a non-evidentiary declaration seems to state a specific piece of software is not available through the singular official Apple web store, as early as 2010 there were reports of a uTorrent web client being available for the iPad. See Exhibit 8. A simple search online reveals a large number of guides on how to use uTorrent with an iPhone and iPad. See Exhibit 9. It is also well known that through a common 'jailbreak' of an Apple device a user is not limited to the content of the Apple web store.

**Disputed Fact No. 4:** Defendant's claim to possess only iPad and iPhone devices is based solely on the unsupported self-serving declaration of Bekahi, and prior to FRCP 26 discovery and should be discounted. *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir., 1996), (A conclusory, self-serving affidavit is of questionable value in summary judgment proceedings.)

**Disputed Fact No. 5:** Defendant's denial of downloading the motion picture is insufficient to support a motion for summary judgment. *Id.*

### Defendants Further Facts

In opposition to defendant's motion, CPI submits the following further facts supported by declaration and exhibits:

**Fact No. 6:** Defendant is an admitted user of the pirate web site Vodly and admits to pirating "new releases" through the Vodly pirate website. See Exhibit 3 (Vodly web image).

Defendant's Deposition, p.22, l. 3 – 20.  Exhibit 2.

> Q Do you ever watch content such as movies on your iPads?
> A Yes.
> Q How do you watch those movies? What service do you use?
> A Generally, it's whatever's available on YouTube.
> Q What type of videos would you watch on YouTube?
> A New releases available.
> Q Such as --
> A There is a service called Modly.
> Q Could you spell --
> A Modly or Wadly. V-o-d-l-y. Excuse me. Vodly.
> Q And you access that through YouTube?
> A Through the -- just a Internet. It's a YouTube -- similar to YouTube.

Exhibit 2; p. 23, l – 3 - 5

> Q Describe content that you would watch through Vodly.
> A Movies, full-length feature films.

Exhibit 2; p. 23, l – 13 - 15

> Q Do you use any other services for watching films?
> A No.

Exhibit 2; p. 26, 13 – 15:

> Q You've watched Mechanic Resurrection on Vodly?
> A Yes, sir.

**Fact No. 7:** The motion picture *Mechanic Resurrection*, which the defendant admits to pirating, was observed being trafficked through the IPA assigned the defendant in October 2016, and was trafficked by software identifying itself with the same Peer ID prefix, "2355543334" as was used to traffic plaintiff's film.  See, line item 159, Exhibit 7 for *Mechanic Resurrection*, line items 1, and 2 for *Criminal*.

**Fact No. 8:** Neither *Mechanic Resurrection* nor *Criminal* can be viewed legally through Vodly.  Decl. Counsel, ¶ 4.

**Fact No. 9:** Prior to filing the present suit, the defendant was sent a number of notices pursuant to 17 U.S.C. 512(a), a/k/a DMCA Notices, yet the defendant persisted in infringing the rights of CPI and others, including the repeated selection, download and distribution of new content in violation of the Copyright Act.  Decl. Counsel, ¶ 14.

**Fact No. 10:** Defendant maintained a secure Wi-Fi password and the only other party with access moved away long before the infringing activity stopped.

>    Exhibit 2; p. 11, l. 20-23
>
>    Q So for the last year your Internet service has been through either a direct cable connection or through a password protected WiFi, correct?
>    A Yes.
>
>    Exhibit 2; p. 13, l. 14-16; 22-23
>
>    Q Which neighbors have you provided access to your Internet service?
>    A It was one neighbor that no longer lives there but that's it.
>    Q When did he move?
>    A He moved around December 2016.

**Fact No. 11:** Defendant's wife did not use the Vodly pirate website or any other pirate web site.

Exhibit 2; p. 22, l. 23 - 25

>  Q Does she also use video services other than YouTube?
>  A No.

### Defendant's FRCP 12(b)(6) Motion

Defendant tacitly admits that the pending First Amended Complaint complies with the pleading standards and properly states a claim for relief. The defendant's only real motion is under FRCP 56, attacking the allegations with extrinsic evidence, namely Exhibit 7, submitted by defendant and accepted by CPI.

As the pending complaint [Ecf. 9] contains both the required elements of pleading and sufficient specific facts to make CPI's claim plausible, defendant's claim for relief under FRCP 12(b)(6) should be denied.

### Defendant's FRCP 56 Motion

**A. Issues of fact indicate Bekahi is the liable party.**

Defendant's vague FRCP 56 motion appears to be based solely on a claim that defendant could not be responsible as he used only Apple brand products to pirate films, and the related evidence of Exhibit 7 'appears' to indicate uTorrent software was used.

There are some other elements hinted, such as whether or not the whole movie was pirated or only a "snippet." But as recently held by this Court in *Clear Skies Nevada, LLC v. Kainu*, 3:16-cv-00811-AC (Ecf. 66, Aug. 2, 2017):

> Whether or not he watched the Movie is irrelevant. Equally irrelevant is the possibility [the defendant] downloaded only a portion of the Movie. "[A] taking may not be excused merely because it is insubstantial with respect to the infringing work. . . . 'no plagiarist can excuse the wrong by showing how much of the work he did not pirate.'" *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 565 (1985)(quoting *Sheldon v. Metro-Goldwyn Pictures Corp.,* 81 F.2d 49, 56 (2d Cir.), *cert. denied,* 298 U.S 669 (1936); and citing *Roy Export Co. Establishment v.*

*Columbia Broadcasting System, Inc.,* 503 F. Supp. 1137, 1145 (S.D.N.Y. 1980)("taking of 55 seconds out of 1 hour and 29-minute film deemed qualitatively substantial."))

As argued below, the factual basis for defendant's FRCP 56 motion is deficient, wrong, and defendant's motion should be denied.

### 1) Exhibit 7 must be accepted as admitted evidence on defendant's implied stipulation.

A predicate issue in addressing defendant's motion is the admissibility and validity of Exhibit 7 used in defendant's FRCP 45 deposition.  Defendant seems to want things both ways, arguing that Exhibit 7 is, "far from admissible" but also arguing "Plaintiff's own documents should not be excluded."  If Exhibit 7 were inadmissible, then defendant has no motion.  As Exhibit 7, comprising 12 pages of confirmed acts of distribution, has been submitted and relied on by the defendant, and as there is no opposition by CPI, the facts as submitted in Exhibit 7 should now be deemed undisputed and the document admitted in this matter.  FRCP 56(e)(2).

### 2) Defendant admits to using a pirate site that promotes the BitTorrent of CPI's motion picture, and defendant admits to some of the infringing activity observed on Exhibit 7.

The Vodly web site used by the defendant actively promotes the bittorrent download and distribution of pirated content, "new releases" and CPI's motion picture.  Exhibits 3, 4 and 5.  Further, defendant admits to the piracy of Mechanic Resurrection using the Vodly web site, observed on Exhibit 7 at line 159, such activity with the same Peer ID prefix as every other event on Exhibit 7, including the piracy of CPI's film.  Fact No. 6; Exhibit 7, generally.

### 3) Exhibit 7 confirms consistent regular piracy from June 2016 to February 2017 and only the defendant had plausible access.

The defendant has affirmed that he maintained a secure wi-fi [Fact No. 10], there was limited access, and his wife did not use the Vodly or other pirate websites, using only YouTube. Fact No. 11. The only third party granted access to his Internet service was a neighbor that moved away in December, yet the activity continued into February. Fact No. 10, Exhibit 7.

Further, Exhibit 7, as supplied by defendant, indicates the same person that watched *Mechanic Resurrection* (admittedly the defendant) through the defendant's internet service is also likely responsible for all the other activity on Exhibit 7, including the regular distribution of CPI's motion picture as the Peer ID prefix 2D5554334 remains constant for months.

The logical conclusion is the only party with consistent access that could account for the observed activity of Exhibit 7 is the defendant.

### 4) Defendant's claim that Peer ID prefix 2D5554334 cannot go to an Apple iOS devise is false.

Assuming Peer ID prefix 2D5554334 does go to uTorrent, there are numerous examples and resources to permit persons to use uTorrent on Apple iOS devices. Exhibit 6, 8 and 9. Further should the defendant have performed a common, 'jail break' procedure on his Apple device, he would be free to load any number of unauthorized applications and the availability of software on the official Apple application store would be irrelevant.

Finally, unanswered is the issue of what torrent software the defendant *did* in fact use. The defendant admits to using the Voldy pirate web site to find and watch "new releases" and "full-length feature films" and admits to using it to pirate *Mechanic Resurrection* [Fact. No. 6], but unknown at this time, because discovery has not opened and defendant politely declines to answer voluntarily, is what software was used, the Peer ID prefix of the software used, and if it matches the seven (7) months of consistent activity found on Exhibit 7, including the identity of

Peer ID prefix 2D5554334 used to torrent *Mechanic Resurrection*, an act admitted by the defendant.

**B.   There are facts to support both elements of a claim for copyright infringement.**

To establish a claim of copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright and (2) copying by the defendant of protectable elements of the work." *CDN Inc. Kapes,* 197 F.3d 1256, 1258 (9th Cir. 1999).

   a.   *Plaintiff's copyright certificate establishes ownership.*

The certificate filed as Exhibit 1 to the First Amended Complaint identifying Criminal Productions, Inc. as the author of the film is *prima facie* evidence of the validity of the copyright and the facts stated in the certificate. The defendant has not presented any evidence rebut the presumption. 17 U.S.C. § 410(c); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144 (9th Cir. 2003).

   b.   *There is a genuine issue of material fact as to the defendant's conduct in copying the motion picture.*

Defendant has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.,* 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens,* 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America,* 638 F.2d 136, 140 (9th Cir. 1981).

In the present case the facts and reasonable inferences are:

      i.      A singular party consistently used defendant's internet service to pirate CPI's Movie and several other movies and continued their activity for over seven months.  Exhibit 7.

      ii.      The defendant is an admitted pirate of a number of "new releases" and "full-length feature films."  Fact No. 6.

      iii.      Defendant has admitted to pirating the film *Mechanic Resurrection*, activity matching that observed in Exhibit 7, using the same Peer ID prefix used to pirate CPI's Movie. Fact No. 6; Exhibit 7

      iv.      Defendant's devices used to pirate "new releases" and "full-length feature films" are capable of producing the activity observed in Exhibit 7.  See Exhibits, 8 and 9.

      v.      No one else who had access to the defendant's Internet service could be responsible for the observed activity of Exhibit 7.  Fact Nos. 10, 11.

The clear facts not only raise an issue of material fact as to defendant's liability, they come close to conclusively establishing the liability of the defendant for the piracy of CPI's Movie, and the piracy of 23 other motion pictures.  Defendant's motion should be denied.

**C.**    **Defendant's FRCP 56 motion is premature and should be denied pursuant to FRCP 56(d).**

A court should only grant summary judgment after the parties have been given an adequate opportunity for discovery. *Celotex*, 477 U.S. at 322 (observing that summary judgment is appropriate only "after adequate time for discovery"); *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5, 257 (noting that summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information…")

Defendant has filed their summary judgment motion prior to any FRCP 26 discovery. Decl. Counsel, ¶ 15.  While the current evidence before the Court, including the properly deemed

admitted Exhibit 7, raises a sufficient question of fact that not only makes the liability of defendant plausible, but also probable, further relevant discovery is needed by CPI to more fully address defendant's vague claims and defenses, including such matters as:

a) The evidence of bittorrent activity on defendant's devices used for the admitted piracy of a number of "new releases" and "full-length feature films." FRE 406.

b) The specifics of the actual software used by the defendant to pirate the film *Mechanic Resurrection*.

c) Whether the software used by the defendant to pirate *Mechanic Resurrection* is consistent with the other matching observed activity of Exhibit 7, including the piracy of CPI's film *Criminal*.

d) Whether the defendant performed a 'jailbreak' modification on any of his devices to permit illicit software.

e) Whether the defendant happens to be one of the rare upper-middle class households that is without a laptop or desktop computer.

f) Whether the defendant received any of the DMCA notices submitted and continued his activity with such express notice.

See generally Decl. Counsel, ¶ 16.

Pending any Rule 26 discovery, defendant's motion for summary judgment is clearly premature and should be denied.

///

///

## Conclusion

The available facts in this action do not reveal a vague claim against a mere subscriber. The defendant is an admitted pirate, maintained a secure Internet service, with no one else having the consistent access that would account for the observed activity.

The court should deny defendant's motion either based on the significant evidence against the defendant, or pursuant to FRCP 54(d) as premature.

DATED: Sept. 1, 2017.

Respectfully submitted,

CROWELL LAW

*/s/ Carl D. Crowell*
Carl D. Crowell, OSB No. 982049
carl@crowell-law.com
503-581-1240
Of attorneys for the Plaintiff