David H. Madden
Mersenne Law
9600 S.W. Oak Street
Suite 500
Tigard, Oregon  97223
(503) 679-1671
ecf@mersenne.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CRIMINAL PRODUCTIONS, INC.<br>*Plaintiff*<br><br>v.<br><br>Ralph Ghassan BEKAHI<br>*Defendant* | Civil Action No.:....................3:17-cv-157-AC<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6), 12(d) AND 56<br><br>Oral Argument Requested |

**LR 7-1(a) CERTIFICATION**

The parties have made a good faith effort through personal or telephone conferences to resolve the evidentiary objections discussed below and have been unable to do so.

Defendant Ralph Ghassan BEKAHI presents this Reply brief in support of his Motion for

Summary Judgment under Fed. R. Civ. P. 12(b)(6), 12(d) and 56.

*3:17-cv-157-AC*

*Page 1*

Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56

# Contents

Contents..........................................................................................................................2

Cases.............................................................................................................................2

Defendant's Reply..........................................................................................................3

Evidentiary Objections..................................................................................................4

Legal Argument.............................................................................................................5

    Significance of Plaintiff's Deposition Exhibit ............................................................5

    uTorrent Software is Not Available for Apple iPhone and iPad ..................................6

    Defendant Does Not Own a PC ...................................................................................7

    There is NO Evidence that Defendant Downloaded Plaintiff's Movie Using BitTorrent............8

    Plaintiff's "VODLY" Sideshow...................................................................................9

Conclusion................................................................................................................... 10

# Cases

*Anderson v. Liberty Lobby*
    477 U.S. 242 (1986).................................................................................................8

*Bell Atlantic v. Twombly*
    550 U.S. 544 (2007).................................................................................................9

*Blue Chip Stamps v. Manor Drug Stores*
    421 U.S. 723 (1975).................................................................................................9

*F.T.C. v. Stefanchik* (9th Cir. 2009)
    559 F.3d 924 ..........................................................................................................4

*3:17-cv-157-AC*  
*Page 2*

*Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment)*  
*pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56*

## Defendant's Reply

With this Reply brief, the present case is in condition for determination on the merits through the summary judgment procedures and standards of Fed. R. Civ. P. 56. The question for the Court is easily stated:

> Has Plaintiff raised a <u>genuine dispute of material fact</u> regarding a dispositive element of its case, namely:
>
> **Did Defendant copy Plaintiff's movie through a public BitTorrent network?**

Defendant's position – and the basis of the present motion – is that **Plaintiff has no evidence** that Defendant copied the movie as alleged, and further, that the evidence it appears to have, **excludes Defendant as the possible infringer**.

Plaintiff's response to the pending motion offers only the declaration of its counsel as purported evidence. The declaration is objectionable (within the specific evidentiary meaning of that word) and is problematic for many more reasons, but the bottom line is, Plaintiff has not produced any affirmative evidence from which a jury could find that Defendant copied its movie – which is exactly what Defendant claimed Plaintiff would be unable to do.

Plaintiff has offered much speculation, many disagreements, and if its proffered evidence was admissible, perhaps it has even raised some genuine, though immaterial, disputes. But it comes up empty-handed on the main thing – there is no dispute about *this* material fact:

> **Defendant did not copy Plaintiff's movie through a public BitTorrent network.**

Since there is no genuine material dispute about that fact, the Court should GRANT Defendant's Motion to Dismiss *with prejudice*.

3:17-cv-157-AC
Page 3

Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56

## EVIDENTIARY OBJECTIONS

Plaintiff submitted the declaration of its counsel (and no other evidence) in its response to this motion.  Counsel represents that he has "personal knowledge and belief" of facts of purported relevance.  This is troublesome, because Defendant will obviously need to depose him about this purported knowledge (as well as financial and related matters that would show bias on the part of this purported percipient witness) if the case continues, but for purposes of the present motion, it is sufficient to observe that most of the declaration is inadmissible as hearsay, or for lack of personal knowledge, lack of competence to testify about technical matters, lack of foundation or lack of relevance.  At best, Mr. Crowell's declaration is argument dressed up as evidence, and it does not imply what Plaintiff would have the Court believe.

These objections are stated chiefly for preservation purposes.  Even if Crowell's declaration was admissible in its entirety, it does not constitute "*affirmative evidence* from which a jury could find"[1] that Defendant downloaded Plaintiff's movie via a public BitTorrent network.  Only a synopsis of the purported evidence and succinctly-stated grounds of objection are presented here.

| ¶ | Crowell Declaration | Objection |
|---|---|---|
| 3 | Plaintiff's investigator Maverickeye [a German corporation] "identified significant infringing activity originating from Internet protocol address ('IPA') 75.115.12.88 […]" | Lack of personal knowledge |
| 4 | Work-in-suit *Criminal* and another work cannot be downloaded through VODLY website | Relevance |
| 7 | Screenshot from VODLY "pirate" website | Foundation, Relevance, Argumentative |
| 10, 12, 13 | Screenshots from web pages & Google searches | Hearsay, Foundation, Competence |

---

[1] *F.T.C. v. Stefanchik* (9th Cir. 2009), 559 F.3d 924, 929; emphasis in original.

## Legal Argument

Plaintiff either misunderstands the thrust of Defendant's motion, or seeks to distract the Court from focusing on the Main Thing. Defendant's argument does not depend on Plaintiff's deposition exhibit (and Defendant certainly does not stipulate to its admissibility). Similarly, his position would not be defeated merely by proof that the uTorrent software *was* available for Apple iPhones and iPads (though Plaintiff has introduced no such proof).

Instead, the crux of the motion is whether Plaintiff has *any admissible evidence* that *Defendant* infringed its copyright by downloading the movie *Criminal* via a BitTorrent network. Plaintiff could defeat the motion by presenting some admissible, affirmative evidence. It has not done so. Defendant's motion should be granted.

## Significance of Plaintiff's Deposition Exhibit

Plaintiff disputes Defendant's submission of Plaintiff's own deposition exhibit, which suggests that Plaintiff has reason to believe that the copying was performed by software called uTorrent. This is important because – in combination with the fact that uTorrent software is not available for any computer owned or operated by Defendant – it suggests that Plaintiff has targeted the wrong person.

The exhibit may or may not be admissible under the Federal Rules of Evidence – it would be Plaintiff's burden to establish its admissibility if it wanted to rely on it – but the very existence of the exhibit demands further investigation of Plaintiff's position. Suppose that the exhibit said "Mary Smith downloaded this movie." Such an exhibit would not establish Ms. Smith's liability, nor would it categorically exclude defendant BEKAHI, but *at a minimum* it places the parties and the Court on notice that there is a serious question whether Plaintiff has any business accusing BEKAHI of the infringement.

3:17-cv-157-AC
Page 5

Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56

The actual exhibit does not point to a person, but it does point to a version of software, the availability of which is Plaintiff's next point of dispute.  The true significance of the deposition exhibit, in the context of the present motion, is that it is "matter outside the pleadings" that has been presented to the Court, which *requires* that the Court treat the present motion as one for summary judgment under Fed. R. Civ. P. 56 (*see* Fed. R. Civ. P. 12(d)).

### uTorrent Software is Not Available for Apple iPhone and iPad

Plaintiff asserts that the availability of uTorrent software for Apple iPhones and iPads is a disputed factual question.  Plaintiff is wrong.  Defendant submitted an expert declaration (which was not objected to) explaining that uTorrent software is not available for Apple tablet-type devices.  In response, Plaintiff submitted its counsel's declaration (discussed above, paragraphs 10, 12 & 13 are inadmissible).  In connection with the present Reply, Defendant submits a supplemental declaration from his expert, discussing the uTorrent software, the import of the (inadmissible) web pages Plaintiff attempts to rely upon, and details of the network activity whose complexity Plaintiff attempts to hide behind.

But like the dispute over the meaning of Plaintiff's deposition exhibit, disagreement over whether uTorrent is available for iPhones is not a material dispute that would prevent summary judgment.  **It does not matter – for summary judgment purposes – whether uTorrent runs on iPhones or not**.  Suppose that Plaintiff is right: the software *is* available.  Such a showing might immunize Plaintiff from Rule 11 liability for knowingly naming the wrong person, but it is not affirmative evidence from which a jury could find that Defendant actually downloaded Plaintiff's movie using BitTorrent.  *That* is the evidence that Plaintiff must introduce to survive summary judgment – evidence of BitTorrent downloading, or evidence to show that there is a genuine

*3:17-cv-157-AC*  
*Page 6*

*Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56*

material dispute over whether Defendant used BitTorrent to download the movie.  Since there is no such evidence in the record, the Court should grant summary judgment for Defendant.

## Defendant Does Not Own a PC

Plaintiff suggests that it must be allowed to investigate "whether the defendant happens to be one of the rare upper-middle class households that is without a laptop or desktop computer," (Plaintiff's Response in Opposition to MSJ, doc. #21, p. 10); it further denigrates Defendant's declaration on the question as "self serving."  Of course, a party's own declaration is almost always self-serving, but that is not a valid reason to disregard it as evidence.  In addition, Plaintiff *already had* an opportunity to inquire about Defendant's computing devices – its counsel deposed BEKAHI on 24 May 2017, and pages 11 and 12 of the deposition Plaintiff introduced as its Exhibit 2 contain the following sequence:

```
Q    Tell me about the computers
     that are used at your
     residence on a regular basis
     in the last year.
A    IPad minis and iPhones.
Q    Do you have an Apple TV
     device?
A    No.
Q    Do you have a desktop?
A    No.
Q    Do you have any laptops?
A    No.
Q    In the last year have you had
     a desktop or a laptop
     computer that you used at
     your residence?
A    No.
Q    Do you have an IPTV box?
A    No.
Q    Do you know what I mean when
     I say IPTV box?
A    No.
Q    It is a box sometimes called
     a Kodi box.
A    Okay.
Q    Or a box that's designed for
     watching the television
     through the Internet
     independent of a traditional
     computer.
A    Okay.
Q    Are you familiar with that
     type of device?
A    No.
Q    But you don't have anything
     like that --
A    No.
```

But again, let us indulge Plaintiff's speculation.  Suppose that Defendant really does own a PC, and he lied about it in his deposition and declaration.  That is *still* not affirmative evidence from

which a jury could find that Defendant downloaded Plaintiff's movie using BitTorrent. The question whether Defendant owns computers besides iPhones and iPads is not *material*, and a dispute about the answer is not enough to overcome summary judgment.

### There is NO Evidence that Defendant Downloaded Plaintiff's Movie Using BitTorrent

The only question for the Court on this motion is whether there is any affirmative evidence that Defendant downloaded Plaintiff's movie using BitTorrent. In response to Defendant's charge that Plaintiff could produce no such evidence, Plaintiff has produced exactly that: no evidence *at all* – not evidence that *Defendant* downloaded the movie, nor even evidence that *anybody* downloaded the movie. The only evidence in the record bearing on the question is Defendant's own declaration that he did not download *Criminal* using BitTorrent. Perhaps his declaration is entitled to less weight for being self-serving, as Plaintiff argues. But it is not entitled to *no* weight, and it rests in the scales opposite an empty pan. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). On the record before this Court, there is no such issue.

Predictably, Plaintiff asks for an opportunity to conduct further discovery, arguing that *Celotex* and *Liberty Lobby* counsel lenience in this regard. Such indulgence is not appropriate here, though, for at least three reasons:

- Plaintiff has already had the opportunity to depose Defendant;
- Plaintiff has produced *no* evidence on a point on which it will bear the burden of proof, not even evidence that it obtained through the discovery it already took; and

3:17-cv-157-AC  
Page 8

Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56

- Plaintiff is actively concealing evidence it appears to have, which would exculpate Defendant.

Thus, its position is clearly a ploy to allow it to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value," *Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007), quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975). The Court should be cognizant of the value of the underlying claim – statutory damages of $750.00 – and force the basic deficiency Defendant has pointed out to "be exposed at the point of minimum expenditure of time and money by the parties and the court," *Twombly* at 558. Plaintiff's strategy is to lard its claim with its own attorney fees, and permitting further discovery on a case where Plaintiff's own evidence appears to be exclusively exculpatory, neither serves the interests of justice nor promotes the just, speedy and inexpensive determination of the action.

## Plaintiff's "VODLY" Sideshow

Plaintiff spends an inordinate number of words railing against an alleged "pirate" website called "VODLY," without clearly explaining what it is, how it works, or why it is relevant to the BitTorrent claims against Defendant. Defendant has asked his computer expert to look at the website, and the expert's explanation and opinions are provided in his supplemental declaration, but for purposes of the present motion, the Court may be adequately informed by these few key points:

- Defendant is not alleged to have downloaded Plaintiff's movie using VODLY;

- Defendant – in his deposition – denied downloading Plaintiff's movie using VODLY; and

*3:17-cv-157-AC*
*Page 9*

*Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment) pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56*

- Plaintiff has introduced no evidence in connection with this motion to suggest that VODLY played any role in the acts complained of.

It is clear that Plaintiff hopes the Court will be distracted by this sideshow, and that it will deny summary judgment due to the scent and innuendo of technically-complex "other bad acts" with which Plaintiff would like to smear Defendant. But "other bad acts" are not generally admissible, and even the specific bad acts are not material to Plaintiff's allegations. If Plaintiff had a Rule 11 basis to believe that Defendant downloaded *Criminal* from VODLY, then it could have alleged as much. The fact that it has not done so, says all that the Court needs to know.

## Conclusion

Defendant's present Motion to Dismiss is properly decided under Fed. R. Civ. P. 12(b)(6), 12(d) and 56 as a Motion for Summary Judgment. The Court's decision should be on the merits, and should be a dismissal with prejudice of the copyright infringement claim against Defendant.

Plaintiff has offered no evidence at all that Defendant downloaded the movie as claimed, and has provided only ungrounded speculation that further discovery might turn up such evidence. This falls short of the showing required to defeat a motion for summary judgment, so the present motion is properly granted.

If the Court is inclined to grant further discovery to permit Plaintiff to search for *some* evidence that Defendant downloaded the movie, it should first require Plaintiff to produce the network PCAP files on which its deposition exhibit were based, and evidence to show that the PCAP files are *not* exculpatory, as Defendant argues here. This evidence should properly have been presented to and considered by the Court before Plaintiff was granted its Rule 45 deposition, but the Court can at least forestall further waste of time and resources by carefully considering whether Plaintiff has any business proceeding against Defendant.

Respectfully submitted,

14 September 2017
_____     _____
          Date                   David H. Madden, SBN OR080396
                                       Attorney for Defendant BEKAHI
                                       Mersenne Law
                                       9600 S.W. Oak Street
                                       Suite 500
                                       Tigard, Oregon 97223
                                       dhm@mersenne.com
                                       (503)679-1671

*3:17-cv-157-AC*  
*Page 11*  

*Defendant's Reply in support of Motion to Dismiss with Prejudice (Summary Judgment)*  
*pursuant to Fed. R. Civ. P. 12(b)(6), 12(d) and 56*

# Certificate of Service

The undersigned hereby certifies that a true and correct copy of the document entitled:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6), 12(d) AND 56**

was served upon the parties listed below on the date indicated,

- ☐ by following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made:
  - ☐ by delivery of a true copy of the document to the party to be served;
  - ☐ by delivering a true copy of the document to the dwelling house or usual place of abode of the person to be served, to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served;
  - ☐ by leaving a true copy of the document during working hours at an office maintained by the party to be served for the conduct of business, with the person who is apparently in charge;
  - ☐ by mailing a true copy of the document to the party by first class mail and by any of the following: certified, registered, or express mail with return receipt requested;
- ☐ by delivering a copy of the document to the individual personally;
- ☐ by leaving a copy of the document at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
- ☐ by delivering a copy of the document to an agent authorized by appointment or by law to receive service of process;
- ☐ by mailing a copy of the document to an attorney representing the party;
- ☒ by electronic filing notification (PACER); *or*
- ☐ other: LR 5-11(b) copy by electronic mail to  carl@crowell-law.com
- ☐ other: courtesy copy by electronic mail to  carl@crowell-law.com

Carl D. Crowell, Esq.
Crowell Law
943 Liberty Street S.E.
P.O. Box 923
Salem, Oregon  97308-0923
Attorney for Plaintiff CRIMINAL PRODUCTIONS, INC.

          14 September 2017
                Date                              David H. Madden