UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CRIMINAL PRODUCTIONS, INC.,                    Case No. 3:17-cv-00157-AC

                              Plaintiff,                    FINDINGS AND
                                                           RECOMMENDATION
            v.

RALPH GHASSAN BEKAHI,

                              Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Criminal Productions, Inc. ("Criminal"), brings this action pursuant to the Copyright Act, 17 U.S.C. §§ 101-1332 (the "Act"), against Ralph Ghassan Bekahi ("Bekahi") alleging unlawful downloading and distribution of Criminal's copyrighted motion picture using a peer-to-peer file-sharing system commonly referred to as BitTorrent. Bekahi denies copying, viewing, or distributing the motion picture and claims he "does not own any computer that could have originated the

PAGE 1 - FINDINGS AND RECOMMENDATION                              *{sib}*

transmission that was allegedly observed." (Def.'s Mot. to Dismiss under FED. R. CIV. P. 12(b)(6), 12(d), and 56, ECF No. 17 ("Mot.") at 6-7.)  Accordingly, Bekahi seeks dismissal, or summary judgment, based on Criminal's inability to establish a *prima facie* case of copyright infringement.

The court finds Criminal has created a genuine issue of material fact with regard to Bekahi's ability to infringe on Criminal's copyrights using devices he admits owning.  Consequently, Bekahi is not entitled to summary judgment.

*Preliminary Procedural Matters*

I.  Proper Standard

Bekahi moves to dismiss this action under FED. R. CIV. P. 12(b)(6), 12(d), and 56, and offers declarations and evidence in support of his motion.  Similarly, Criminal has offered declarations and exhibits in opposition to Bekahi's motion.

As a general matter, a district court may not consider any material outside of the pleadings when ruling on a Rule 12(b)(6) motion.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under  Rule 56. . . . [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  FED. R. CIV. P. 12(d) (2017)

Because the court has received and accepted exhibits from all parties, it is proper to convert Bekahi's motion to dismiss into a motion for summary judgment.  In the Ninth Circuit, where the parties have been notified that the court is considering material beyond the pleadings, the parties will have received effective notice of the conversion to summary judgment.  *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985).  The submission of such matters outside the pleadings

to the court provides sufficient notice.  *Id*.

II.  Evidentiary Objections

The evidence presented in support of or in opposition to a motion for summary judgment must be based on personal knowledge, properly authenticated, and admissible under the Federal Rules of Evidence.  FED. R. CIV. P. 56(c) (2017).  The court must determine what evidence is admissible, relevant, and substantive.  FED. R. EVID. 104 (2017).  A party filing a motion for summary judgment will generally support that motion with affidavits or declarations.  Rule 56 requires that the affidavits or declarations "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  FED. R. CIV. P. 56(c)(4).  In ruling on a motion for summary judgment, the court will consider the admissibility of the proffered evidence's contents, not its form.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)("At the summary judgment stage, we do not focus on the admissibility of the evidence's form.  We instead focus on the admissibility of its content."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

In his reply in support of his summary judgment motion, Bekahi objects to exhibits and declaration testimony offered by Criminal with its opposition brief on the grounds of lack of personal knowledge or foundation, hearsay, relevance, competence, and as argumentative.  At the summary judgment stage, the court must look at the evidence presented to it by the parties and, initially, determine if there is a genuine issue of material fact.  While engaging in this task, the court must necessarily apply the underlying summary judgment standard when it encounters evidence that is irrelevant, speculative, ambiguous, argumentative, or constitutes a legal conclusion exclusively

within the purview of the court's consideration.  *See Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal 2006)(noting that various evidentiary objections, such as relevance, were redundant at the summary judgment stage where the court can award summary judgment only in the absence of a genuine issue of material fact based on evidence the contents of which must be admissible).  The court finds consideration of Bekahi's objections to Criminal's evidence as irrelevant and argumentative redundant to the court's ultimate determination of whether a genuine issue of material fact exists, and that any discussion of these objections at this juncture would be superfluous.  Accordingly, the court will not address these objections in detail in this Findings and Recommendation.[1]

Bekahi objects to a statement in paragraph 3 of the declaration of Carl Crowell, Criminal's legal counsel ("Crowell"), in which Crowell represents his investigator, Maverickeye, "has identified significant infringing activity originating from Internet protocol address ('IPA') 76.115.12.88." (Crowell Decl., ECF No. 22, ¶ 3.)  Bekahi argues Crowell lacks the requisite personal knowledge to make the statement.

The Ninth Circuit requires affidavits offered in support of summary judgment be based on personal knowledge.  *Bliesner v. The Commc'n Workers of America*, 464 F.3d 910, 915 (9th Cir. 2006).  Federal Rules of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  The evidence establishing personal knowledge of the matter may consist of the witness's own testimony.  *Id.*

---

[1]As Bekahi's sole objection to paragraph 4 of the Crowell declaration is based on relevance, the court will not address Bekahi's objection to this paragraph.

Crowell represents "[a]ll matters in this declaration are submitted through personal knowledge and belief." (Crowell Decl. ¶ 2.) In paragraph 3, Crowell describes information contained in an exhibit from Bekahi's deposition and offered by both parties with regard to the pending summary judgment motion (the "Table"). (Clawson Decl., ECF No. 19, Ex. A; Crowell Decl. Ex. 7.) The Table is entitled "Confirmed Acts of Distribution" and appears to identify material downloaded on internet protocol address 76.115.12.88 (the "IP Address") using the same "Peer ID" from June 27, 2016, through February 10, 2017, including material identified as "Criminal 2016" downloaded on June 27, 2016. Crowell has filed close to 350 copyright infringement cases in this district in the last five years. Most, if not all of these cases, were based on information obtained from Maverickeye and complied in similar reports. Crowell has the background and personal knowledge to explain the categories of information contained in the Table. The substantive facts provided in the exhibit speak for themselves. Bekahi's objection to paragraph 3 of the Crowell declaration is overruled.

Bekahi objects to Exhibit 3 of the Crowell declaration, a screenshot of a web page from "vodly.cr," based on a lack of foundation. To lay the foundation for receipt of a document in evidence, the party offering the exhibit must provide the "testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." *United States v. Dribble*, 429 F.2d 598, 602 (9th Cir. 1970). Here, Crowell represents the exhibit is an image from a Vodly web page dated August 31, 2017, establishing Crowell has personal knowledge of the exhibit. (Crowell Decl. ¶ 7.)

Finally, Bekahi objects to Exhibits 6, 8, and 9 of the Crowell declaration, which he identifies as "screenshots from web pages and Google searches." Exhibit 6 is a screenshot of a web page

providing download information for uTorrent for two Mac platforms with dates of June 24, 2015, or May 8, 2017. Exhibit 8 is a four-page article which appears to be screenshots from the website "torrentfreak.com" entitled "uTorrent Web Now Available on iPad and Android," dated July 29, 2010, which describes the web interface and how do download it. Exhibit 9 is a screenshot of the results of a Google search for "how to use utorrent on ipad" with seven websites offering information on how to download torrents on an iPhone or iPad, or both. Bekahi contends the exhibits are inadmissable hearsay, and lack foundation and competence.

In his declaration, Crowell describes the web pages and the searches used to obtain them. This provides adequate foundation for the screenshots.

Hearsay is defined as an out-of-court statement offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801 (2017). Hearsay is admissible only if it qualifies as an exception to the general hearsay rule. The Ninth Circuit has generally applied the limitations found in the hearsay rule, set forth in Rule 802 of the Federal Rules of Evidence, to evidence offered by parties at the summary judgment stage. *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002); *Beyenne v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988).

Criminal represents none of the screenshots are being offered for the truth of the matter asserted therein but simply to show the availability of the content on the internet. Limited in this manner, the exhibits are not hearsay and are admissible. The court will consider these exhibits only to the extent they establish the general public has access to information relating to the use of uTorrent on a Mac, iPhone, or iPad but not to establish uTorrent software is available for such devices.

PAGE 6 - FINDINGS AND RECOMMENDATION                                    *{sib}*

III.  Inadequate Discovery

Criminal opposes Bekahi's motion on its merits but also contends the motion is premature and should be denied as such.  Criminal claims it has not been given an adequate opportunity for discovery and should be allowed to engage in additional discovery to uncover evidence necessary to fully response to Bekahi's arguments.  The court finds Criminal has presented sufficient evidence to support its opposition and Bekahi's motion for summary judgment is not premature.

*Background*

On January 1, 2017, Criminal, the registered copyright holder of the motion picture *Criminal*, filed a complaint against a Doe defendant identified only by the IP Address.  (Compl. ECF No. 1; Crowell Decl. Ex. 1.)  Pursuant to Standing Order 2016-8, Criminal issued a subpoena to internet service provider Comcast seeking the identity of the subscriber of the IP Address.  Comcast complied with the subpoena and identified Bekahi as the IP Address subscriber.  Criminal filed a First Amended Complaint (the "Complaint") naming Bekahi as the defendant and asserting a single claim for direct infringement.  (Am. Compl., ECF No. 9.)

Bekahi admits to receiving internet from Comcast through a wireless router.  (Behaki Decl. ¶ 14.)  Access to Bekahi's internet is protected by a password, which he shared with a neighbor in October 2016, and with visiting friends and overnight guests, none of whom stayed for more than four consecutive nights.  (Bekahi Decl., ECF No. 18, ¶¶ 14-15, 18, 19; Bekahi Dep.[2] 11:20-23; 13:14-17; 22-23.)  The neighbor moved away in December 2016 and Bekahi, upon learning of this lawsuit, changed his password in February 2017.  (Bekahi Decl. ¶¶ 16, 20.)  The infringing activity ceased in February 2017.  (Crowell Decl. 14.)

---

[2]The Bekahi deposition excerpts are identified as Exhibit 2 to the Crowell declaration.

Bekahi's email service is also provided by Comcast. (Behaki Decl. ¶ 30.) In the summer of 2016, two individuals reported receiving spam or offensive emails from Bekahi's account. (Behaki Decl. ¶¶ 31-33.) Bekahi regained access to his email account in late July 2016 and resolved the issues with the assistance of Comcast's technical support. (Behaki Decl. ¶¶ 34, 35.) In January 2017, Comcast notified Bekahi it had detected attempts from New Jersey to access his home network. (Behaki Decl. ¶ 36.)

The alleged infringing activity occurred on the IP Address on June 27, 2016, at 5:22 and 5:26 UTC. (Crowell Decl. Ex. 7 at 1.) Bekahi represents this time corresponds to June 26, 2016, at about 10:00 p.m. PST. (Bekahi Decl. ¶ 5.) He states he visited the Oregon Zoo with his family that day and would have gone to bed between 9:00 p.m. and 10:00 p.m. as he needed to be at work by 7:30 a.m. the next day. (Bekahi Decl. ¶ 6.) He denies watching, downloading or facilitating the downloading of, or even being aware of, *Criminal*. (Bekahi Decl. ¶¶ 7-14.)

During the relevant period, Bekahi's computer devices consisted solely of two Apple iPad Minis and two Apple iPhones. (Bekahi Decl. ¶ 21.) He and his family (a wife and four-year-old child) used only these devices for all computer and internet purposes. (Bekahi Decl. ¶¶ 21, 29.) Bekahi represents he investigated the contents of these devices and determined none contained Criminal's motion picture, uTorrent, or any other program capable of sharing movies over a public BitTorrent network. (Bekahi Decl. ¶¶ 24-26.) He admitted to watching movies available through YouTube on his iPads, as well new movie releases and full-length feature films, including *Mechanic Resurrection*, on Vodly. (Bekahi Dep. 22:3-17; 23:3-5; 26:13-15.) *Criminal* is available for free viewing on Vodly. (Crowell Decl. Ex. 4.) Neither *Mechanic Resurrection* nor *Criminal* can be downloaded or viewed legally through the Vodly website. (Crowell Decl. ¶ 4.)

PAGE 8 - FINDINGS AND RECOMMENDATION                                                    *{sib}*

James Clawson, a computer and network security analyst ("Clawson"), offered his interpretation of the information contained in the Table in a declaration offered by Bekahi. Clawson believes the "Peer ID" number is a portion of a much longer number which identifies uTorrent as the program used to download the identified material. (Clawson Decl. dated August 14, 2017, ECF No. 19 ("Clawson Aug. Decl.") ¶¶ 10,16-18.) Clawson stated that uTorrent, a program generally available for free download, is not found in the Apple iTunes store and "no version of uTorrent is available for Apple iOS devices such as iPhones or iPads." (Clawson August Decl. ¶¶ 19-20.) "Consequently, it is my opinion that the entries in the [Table] refer to network activity that could not have been performed by an iPhone or iPad." (Clawson Aug. Decl. ¶ 21; Clawson Decl. Dated September 14, 2017, EFCF No. 25 ("Clawson Sept. Decl.") ¶¶ 8, 25.)

Clawson investigated the Vodly website identified by Bekahi and determined, based on a single test, that "[n]o BitTorrent traffic passed between my test computer and the VODLY website, . . . the ESTREAM.TO server . . . , or any other computer at all." (Clawson Sept. Decl. ¶¶ 27, 37.) "Therefore, it is my opinion that observations of BitTorrent traffic would be unrelated to any activity involving the VODLY website." (Clawson Sept. Decl. ¶ 41.)

*Legal Standard*

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2017). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of

a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. A party asserting that a fact cannot be true or is genuinely disputed must support the assertion with admissible evidence. FED. R. CIV. P. 56(c) (2017). The "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations marks omitted).

*Discussion*

Criminal alleges Bekahi directly infringed its copyrights by personally copying and

distributing *Criminal* through a BitTorrent network without Criminal's consent.  Bekahi moves for summary judgment, arguing Criminal failed to establish Bekahi was the perpetrator of the alleged infringing activity.  Specifically, Bekahi contends Criminal's claim fails because "[i]t is not possible that Defendant's computer transmitted the snippet that Plaintiff's investigator claims to have observed."  (Mot. at 7.)[3]

To show direct copyright infringement, the plaintiff "must show that he owns the copyright and that the defendant himself violated one or more of the plaintiff's exclusive rights under the Copyright Act."  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).  A plaintiff may not rely solely on registration of the internet protocol address associated with the infringing activity to the defendant to establish the defendant himself violated the plaintiff's exclusive rights.  *See, e.g., AF Holdings LLC v. Rogers*, No. 12-cv-1519-BTM-BLM, 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013).  Indeed, "just because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity." *Id*.  In fact, the increased popularity of wireless routers makes it "even more doubtful that the identity of the subscriber to an IP address correlates to the identity of the infringer who used the address . . . 'different family members, or even visitors, could have performed the alleged downloads." *Id*. (citing *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012)).  Thus, a plaintiff must provide more than "an allegation that an IP address is registered to an individual." *Id*. at 3.

---

[3]Bekahi does not contend his statement he did not watch, download, or facilitate the downloading of *Criminal* is sufficient to defeat Criminal's claim.  Moreover, any such contention would not be well taken.  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997)

PAGE 11 - FINDINGS AND RECOMMENDATION                    *{sib}*

Bekahi does not, at this time, dispute Criminal owns the copyright at issue in this case. The only dispute is whether Bekahi violated Criminal's exclusive rights. Bekahi contends the relevant question is "[d]id Defendant Bekahi use BitTorrent to download the movie *Criminal* in violation of Criminal's purported rights in the movie?" (Mot. at 3.) Again, Bekahi's sole argument in support of his motion for summary judgment is none of Bekahi's computers, specifically his iPhones and iPads, could have "transmitted the snippet that Plaintiff's investigator claims to have observed." (Mot. at 7.)

Bekahi obtained internet access through a password-protected wireless router. During the relevant period, Bekahi owned two iPads and two iPhones and accessed his internet through only these devices.

Bekahi denies downloading or watching *Criminal* at any time. He admits, however, to watching videos through YouTube, and newly released movies and full-length feature films through Vodly on his iPads. He specifically remembers watching *Mechanic Resurrection* through Vodly on his iPad.

Clawson reviewed the Table and opined, based on the Peer ID, that uTorrent was the BitTorrent program used to download the identified material. As uTorrent is not available for download on iPhones or iPads, he concluded Bekahi could not have downloaded *Criminal*, or any other material identified in the Table.

The Table indicates *Criminal*, or a portion thereof, was downloaded on the IP Address using Peer ID 2D5543334. The Table also reveals numerous downloads of *Mechanic Resurrection* on the IP Address using the same Peer ID. Bekahi's admission he watched *Mechanic Resurrection* on his iPad through Vodly, viewed in light of the evidence *Mechanic Resurrection* was downloaded on the

IP Address using Peer ID 2D5543334, raises a genuine issue of material fact with regard to Bekahi's ability to also watch *Criminal* on his iPad through Vodly. Consequently, Bekahi's admission combined with the information found in the Table, contradicts his assertion he "does not own any computer that could have originated the transmission that was allegedly observed." (Mot. at 7.) In sum, Bekahi's admission he downloaded *Mechanic Resurrection* on Vodly plus the common IP Address and Peer ID used to download both *Mechanic Resurrection* and *Criminal* supports a conclusion Bekahi downloaded *Criminal* in the same manner and reasonably refutes Bekahi's argument he did not have the capability of watching *Criminal* on his iPads or iPhones.

The use of the same Peer ID to download both *Mechanic Resurrection* and *Criminal* supports a reasonable inference Bekahi had the ability to watch *Criminal* on his iPad. Moreover, the use of the password-protected wireless router to download both films using the Peer ID Bekahi admitted using to watch newly-released movies and feature-length films, coupled with Bekahi's statement he was the only one in the household who used Vodly, and the absence of another with access to the IP Address and knowledge of the password during the relevant period, creates a reasonable implication Bekahi downloaded and watched both films using Vodly.

Based on the evidence currently before the court, *Criminal* may not be downloaded or viewed legally through Vodly. Accordingly, to the extent Bekahi downloaded *Criminal* through Vodly, as suggested by the Table, Bekahi engaged in infringing activity and violated one or more of Criminal's exclusive rights under the Act. That Bekahi utilized Vodly and not uTorrent to facilitate such infringing activity is not fatal. Criminal references both BitTorrent and Vodly in the Complaint, referring to both as a form of piracy. Bekahi's use of Vodly to view *Criminal* does not make his infringing conduct any less actionable.

PAGE 13 - FINDINGS AND RECOMMENDATION                                    *{sib}*

Viewing the evidence in a light most favorable to Criminal, the court finds a genuine issue of material fact exists with regard to Bekahi's ability to view *Criminal* on his iPads and iPhones. Accordingly, Bekahi's motion for summary judgment should be denied.

*Conclusion*

Bekahi's motion (ECF No. 17) for summary judgment should be DENIED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **April 19, 2018**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2nd day of April, 2018.

      /s/ John V. Acosta
        JOHN V. ACOSTA
      United States Magistrate Judge