IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CRIMINAL PRODUCTIONS, INC.**,

    Plaintiff,

v.

**RALPH GHASSAN BEKAHI**,

    Defendant.

Case No. 3:17-cv-157-AC

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on April 2, 2018. ECF 41. Judge Acosta recommended that Defendant's motion to dismiss, styled as a motion under Rules 12(b)(6), 12(d), and 56 of the Federal Rules of Civil Procedure, be considered a motion for summary judgment under Rule 56 and denied.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendant timely filed an objection (ECF 44) to which Plaintiff responded (ECF 47). Plaintiff objects to certain evidentiary rulings, factual findings, and the conclusion by Judge Acosta to deny Defendant's motion.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. For those portions to which Defendant objects, the Court conducts a *de novo* review.

Defendant challenges the admission of Exhibit A to the Declaration of James Clawson, which was Exhibit 7 to Defendant's deposition and which was also filed with respect to the pending motion as Exhibit 7 to the Declaration of Carl Crowell, Plaintiff's then-counsel. This is

PAGE 2 – ORDER

a report, purportedly from MaverickEye, which lists purported "Confirmed Acts of Distribution" of motion picture content from the IP address later identified as being associated with Defendant's Comcast account. Although Defendant submitted this document as an exhibit, he argues that he submitted it merely as evidence of something Plaintiff introduced at Defendant's Rule 45 deposition, but not for the truth of the matter asserted. As offered by Plaintiff, Defendant argues it is inadmissible hearsay and not properly authenticated by Mr. Crowell, who Defendant argues does not have the requisite personal knowledge.

Defendant also objects to the admission of Exhibits 3, 4, and 5 to Mr. Crowell's declaration, which are screen shots from the Vodly website. Exhibit 4 appears to show that *Criminal* is available on Vodly, and Exhibit 5 purports to show that *Mechanic Resurrection* also is available on Vodly. Mr. Crowell states that these exhibits are images of the Vodly website, without stating how the images were obtained. Defendant challenges the authenticity of the exhibits, challenges that the exhibits are hearsay, and challenges their relevance because Defendant testified that he watched *Mechanic Resurrection* on Vodly, but there is no claim relating to that movie, and Defendant denies watching *Criminal* on Vodly and there is no evidence submitted by Plaintiff relating to infringement through Vodly.

Defendant further objects to the admission of Exhibits 6, 7, and 8, which are images of internet pages that purportedly relate to the question of whether uTorrent can run on Apple devices. Because Defendant concedes that there is a genuine factual dispute regarding this issue, these documents are not considered by the Court and thus the Court does not consider Defendant's evidentiary objections.

"At the summary judgment stage, [the court does] not focus on the admissibility of the evidence's form. [The court] instead focus[es] on the admissibility of its content." *Fraser v.*

*Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. . . ."). For example, the Ninth Circuit has allowed consideration at summary judgment of the contents of a diary that was challenged on the basis of hearsay because the contents of the diary, "depending on the circumstances, could be admitted into evidence at trial in a variety of ways," including that the witness "could testify to relevant portions" or that the witness "might still be able to read the diary into evidence as recorded recollection." *Fraser*, 342 F.3d at 1037. Thus, the Ninth Circuit concluded that "[b]ecause the diary's contents could be presented in an admissible form at trial, we may consider the diary's contents in the Bank's summary judgment motion." *Id.* In other words, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) ("[T]he evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial[.]"); *Burch v. Regents of Univ. of California*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("When evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." (emphasis in original)); *cf.* Fed. R. Civ. P. 56(c)(2) (permitting a party to "object that the material cited to support or dispute a fact *cannot be presented* in a form that *would be admissible* in evidence" (emphasis added)).

As an initial matter, the Court notes the unusual procedural context of this "summary judgment" motion—Defendant filed a motion styled as under both Rule 12 and 56 before filing

PAGE 4 – ORDER

his answer and before discovery was conducted other than Plaintiff's Rule 45 deposition, and attached documents outside the pleadings so that the motion would be construed as a motion for summary judgment. Thus, while generally the Court looks to the party submitting the disputed evidence to point to deposition testimony or other record evidence to support that the evidence would be admissible at trial, *see In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385-86 (9th Cir. 2010), given the unique context of this motion, there has been little discovery. That said, the Court recognizes that Plaintiff could have done more to defend this motion, including by submitting declarations from relevant persons at MaverickEye or perhaps a technical expert. Failure to do so, however, does not require sustaining Plaintiff's objections. *See, e.g.*, *Canupp v. Children's Receiving Home of Sacramento*, 181 F. Supp. 3d 767, 788 n.7 (E.D. Cal. 2016) (noting that "[a]lthough [the defendant] could have done more to address these evidentiary concerns," the evidentiary concerns could be addressed at trial, and overruling the evidentiary objections).

Regarding Exhibit 7, the Court agrees that the fact that Mr. Crowell has filed hundreds of similar lawsuits based on hundreds of similar reports is not sufficient for him to authenticate this specific report as it relates to Defendant's alleged infringement. Because Plaintiff could, however, authenticate this document at trial in a variety of ways, this objection is overruled. *See, e.g.*, *Romero v. Nevada Dep't of Corr.*, 673 F. App'x 641, 648 (9th Cir. 2016) (noting that summary judgment evidence need only be "authentic or capable of being authenticated" to be considered); *Lucas v. Citizens Commc'ns Co.*, 409 F. Supp. 2d 1206, 1211 (D. Haw. 2005), *aff'd*, 244 F. App'x 774 (9th Cir. 2007) (noting that the evidence "need not be authenticated at summary judgment as long as the Court is satisfied that it is capable of being authenticated at trial" (citing *Fraser*, 342 F.3d at 1036-37; *Fonseca v. Sysco Food Serv. of Ariz., Inc.*, 374 F.3d

840, 846 (9th Cir. 2004)). For example, Plaintiff could authenticate this disputed exhibit at trial by having a MaverickEye investigator or computer technician authenticate and explain the document. Plaintiff also could introduce expert testimony, if required.

In terms of overcoming the hearsay objection, the document could be admitted as an exception to the hearsay rule under Rule 803(6) to the Federal Rules of Evidence, the business records exception. This exception requires that the record was: (1) made or transmitted by an individual with personal knowledge; (2) contemporaneously to the events discussed therein; (3) kept in the course of a regularly conducted business activity; and (4) accompanied by supporting testimony. *Clark v. City of L.A.*, 650 F.2d 1033, 1036-37 (9th Cir. 1981); Fed. R. Evid. 803(6) (2015). Given the hundreds of similar reports from Maverickeye that have been filed in this Court, the Court is satisfied at this stage in the proceedings that Plaintiff could show that these reports are kept in the course of a regularly conducted business activity and that a Maverickeye investigator or records custodian could testify to this fact. This would "cure the flaw" of admissibility. *Allision v. Dolich*, 148 F. Supp. 3d 1142, 1145 (D. Or. 2015).[1] Accordingly, consideration of this exhibit at summary judgment is appropriate. *See, e.g.*, *Canupp*, 181 F. Supp. 3d at 788 n.7 (rejecting objections asserted "on the grounds that the attorney who submitted [the exhibit] via declaration lacks personal knowledge and cannot properly authenticate or lay the foundation for the documents and that the documents contain inadmissible hearsay" because the evidentiary concerns could be addressed at trial); *Burch*, 433 F. Supp. 2d at 1120 ("Summary judgment is not a game of 'Gotcha!' in which missteps by the

---

[1] Defendant is not precluded from filing another motion under Rule 56, and if Defendant challenges Exhibit 7 after discovery and Plaintiff does not provide sufficient evidence demonstrating Exhibit 7's authenticity or admissibility, or capability of being authenticated or admitted, the Court may revisit this ruling.

non-movant's counsel, rather the merits of the case, can dictate the outcome. . . . Rule 56[c] requires only that evidence 'would be admissible', not that it presently be admissible.").

Regarding the Vodly exhibits, they could be authenticated by Mr. Crowell. With respect to hearsay, to the extent the exhibits are merely to show what a person visiting Vodly at that moment in time would have seen, they are not statements being submitted for the truth of the matter asserted and are thus not hearsay. *See Farmasino, Inc. v. Farmasino Pharm. (Jiangsu) Co., Ltd*, 2016 WL 7655740, at *4 n.5 (C.D. Cal. June 20, 2016) ("Exhibit A is not hearsay because it is not being offered for the truth of any statement therein, but instead to show what any person loading that page at that point in time would have seen." (citing *Memory Lave, Inc. v. Classmates, Inc.*, 646 F. App'x 502, 504  (9th Cir. 2016)). To the extent these exhibits are offered to prove that *Mechanic Resurrection*, *Criminal*, or any other specific movie was actually available to download and watch from Vodly, which appears to be the case here, then they are statements and would be hearsay unless subject to an exception. *See, e.g.*, *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("The web postings were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted. That means they were hearsay."); *Conroy v. Hewlett-Packard Co.*, 2016 WL 1276552, at *5 (D. Or. Mar. 31, 2016) (excluding web page not authored by the party opponent as hearsay).

Although relevance is generally not considered at summary judgment, the Court also agrees that whether *Criminal* is or was available on Vodly is not relevant to the pending motion. Plaintiff did not provide any evidence that viewing a motion picture on Vodly utilizes uTorrent or is relevant to anything shown in Exhibit 7. Plaintiff also did not provide any evidence that watching a motion picture on Vodly uses peer-to-peer networking, a public bittorrent network, torrent software, or anything related to Defendant's allegedly improper conduct as alleged in the

Complaint. Thus, whether *Criminal* is available on Vodly or Defendant watched *Criminal* on Vodly—although perhaps a violation of Plaintiff's copyright (Plaintiff offers nothing other than counsel's argument to assert that Vodly is a "pirate" website)—is not relevant because there is no evidence submitted to tie Vodly to any of Defendant's conduct as alleged in the Complaint or to the only evidence submitted by Plaintiff with respect to defending this motion. Defendant's objection to these exhibits is therefore sustained.

With respect to the merits of the pending motion, Defendant asserts that he only uses Apple devices. Defendant argues that Plaintiff's only evidence of infringement, Exhibit 7, is that motion picture content was downloaded through uTorrent software. Defendant concedes, however, that there is an issue of fact as to whether uTorrent can run on Apple devices. Defendant's only remaining argument in objecting to Judge Acosta's recommendation to deny summary judgment, therefore, is that Plaintiff offers no evidence connecting Defendant to any copying of the movie *Criminal*. Defendant, however, is viewing the evidence in the light most favorable to him, whereas at summary judgment the Court must view the evidence in the light most favorable to Plaintiff.

Defendant admits that he watched the movie *Mechanic Resurrection* through the internet service Vodly. He disputes that he watched the movie *Criminal* through Vodly, through uTorrent, or at all. Exhibit 7, however, shows that at least portions of both *Mechanic Resurrection* and *Criminal* were downloaded on the IP address associated with Defendant. Defendant contends that Exhibit 7 necessarily means using the program uTorrent, and that Vodly is not uTorrent. Even assuming all of those assertions are true, they only get Defendant so far. A reasonable jury could conclude based on Exhibit 7 that Defendant is mistaken in his recollection that he viewed *Mechanic Resurrection* on Vodly and that Defendant actually viewed *Mechanic*

*Resurrection* through uTorrent. A jury could also conclude that Defendant viewed *Criminal* and the other motion pictures listed in Exhibit 7 through uTorrent (thereby rejecting Defendant's assertion that he did not view *Criminal* at all). Accordingly, viewing the evidence in the light most favorable to Plaintiff, Defendant has not met his burden to demonstrate that there is no genuine issue of material fact regarding whether he infringed any of Plaintiff's rights in its copyright[2] in the movie *Criminal*.

The Findings and Recommendation (ECF 41) is ADOPTED IN PART, as set forth in this Order. Defendant's motion (ECF 17), construed as a motion for summary judgment, is DENIED.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] At this time Defendant has not challenged under the Copyright Act Plaintiff's actual or beneficial ownership in the relevant rights to *Criminal*.